# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3199-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

T.B.,

    Defendant-Appellant.

_____

Submitted May 7, 2024 – Decided May 21, 2024

Before Judges Enright and Whipple.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket No. FO-04-0290-23.

Cozen O'Connor PC, attorneys for appellant (Gabriella Maria Scott and Dexter Ryan Hamilton, of counsel and on the briefs).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Matthew Thomas Spence, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant T.B.[1] appeals from the May 16, 2023 order finding him guilty of fourth-degree contempt of an Order of Protection (OP), N.J.S.A. 2C:29-9(b)(1). We affirm, substantially for the reasons set forth in the thoughtful oral and written opinions issued by Judge Charles W. Dortch, Jr.

I.

In June 2021, A.M. filed for and obtained an OP in the Court of Common Pleas of Philadelphia County in Pennsylvania. It is undisputed defendant was served with a copy of the OP in court. Pursuant to the OP, he was barred from contacting A.M. "by telephone or by any other means," and from having any contact with the parties' children. The order also provided that if defendant violated the OP, he would be arrested on the "charge of indirect criminal contempt."

The record reflects A.M. requested the OP following an incident on September 24, 2022. She alleged that on that date,

> [she] was traveling on Route 30 West in Somerdale . . . . While at a stop light, she heard someone yelling. When [a] car pulled up next to her, she saw that it was [T.B.]. He continued yelling that he wanted to see their [children]. The interaction continued for a couple of minutes until the stop light changed. [A.M.] then proceeded through the

---

[1] We use initials for the parties to protect their privacy. See R. 1:38-3(d)(9) and (10).

A-3199-22

> intersection and pulled over at an apartment complex[,] at which time she called the police. The police arrived and she was escorted to the police department[,] where she gave a statement resulting in the complaints [against defendant].

Based on this incident, T.B. was charged with contempt and harassment, N.J.S.A. 2C:33-4(a). He was tried on these charges before Judge Dortch on May 16, 2023. After finding A.M. testified "credibl[y] in terms of what occurred" during the September 24, 2022 incident "and as to her desire to" "get away from [T.B.]," the judge found defendant guilty of contempt, but not guilty of harassment.

In Judge Dortch's May 16 oral opinion, he stated it was "significant" the parties had "been in court several times . . . regarding issues with respect to the[ir] children." Given this history, the judge concluded defendant "knowingly and purposely violated the [OP]," because defendant "obviously understood and knew that the right place to pursue" custody and parenting time issues was "in court in Philadelphia." In finding defendant guilty of contempt, the judge also rejected defendant's argument that his contact with A.M. was "de minimis."

Additionally, in a July 21, 2023 amplification letter submitted by Judge Dortch under Rule 2:5-1(d), he found that even if defendant's contact with A.M. on September 24, 2022 was a "chance encounter, there was still absolutely no

A-3199-22

reason whatsoever for him to start shouting about [parenting time] issues[,] given the clear prohibition against contact in the [OP]." The judge explained:

> The uncontroverted credible testimony and evidence before the [c]ourt leaves no reasonable doubt that [T.B.]'s conduct was not simply trivial or insignificant. The [OP] was entered to protect [A.M.] from any contact from [T.B.] Beyond a reasonable doubt, [T.B.'s] conduct was a knowing and purposeful[,] clear violation of the [OP].

## II.

On appeal, defendant argues: (1) "the evidence adduced in the [trial] court . . . was insufficient to support a conviction for contempt due to the triviality of the alleged encounter"; and (2) "the State did not meet its burden of proof to demonstrate that [T.B.] had the requisite mental state to be found guilty of contempt." These arguments lack merit. R. 2:11-3(e)(1)(E). We add the following brief comments.

Our scope of review of Family Part orders is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). We owe substantial deference to the Family Part's findings of fact because of its special expertise in family matters. Id. at 413. Deference is especially appropriate in bench trials "when the evidence is largely testimonial and involves questions of credibility." Id. at 412 (quoting In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997)). A trial judge who

4

observes witnesses and listens to their testimony is in the best position "to make first-hand credibility judgments about the witnesses who appear on the stand." N.J. Div. of Youth & Fam. Servs. v. E.P., 196 N.J. 88, 104 (2008).

Therefore, we will not disturb a trial court's factual findings unless "they are so manifestly unsupported by or inconsistent with the competent, relevant[,] and reasonably credible evidence as to offend the interests of justice." Cesare, 154 N.J. at 412 (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). However, we review a trial court's legal conclusions de novo. Thieme v. Aucoin-Thieme, 227 N.J. 269, 283 (2016).

The purpose of the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35 is to "assure the victims of domestic violence the maximum protection from abuse the law can provide." G.M. v. C.V., 453 N.J. Super. 1, 12 (App. Div. 2018) (quoting State v. Brown, 394 N.J. Super. 492, 504 (App. Div. 2007)); see also N.J.S.A. 2C:25-18. Consequently, "[o]ur law is particularly solicitous of victims of domestic violence," J.D. v. M.D.F., 207 N.J. 458, 473 (2011) (alteration in original) (quoting State v. Hoffman, 149 N.J. 564, 584 (1997)), and courts will "liberally construe[ the PDVA] to achieve its salutary purposes," Cesare, 154 N.J. at 400.

5

Contempt of a domestic violence order constitutes a predicate act of domestic violence under the PDVA. N.J.S.A. 2C:25-19(a)(17). Moreover, "a person is guilty of a disorderly persons offense [of contempt] if that person knowingly violates an order entered under the provisions of the [PDVA] or an order entered under the provision of a substantially similar statute under the laws of another state or the United States." N.J.S.A. 2C:29-9(b)(2).

Guided by these standards, and considering Judge Dortch's factual and credibility findings are well supported by the record, we are convinced the judge rightly found defendant guilty of contempt. Indeed, defendant clearly violated an unambiguous no-contact order, and the fact he did not commit a far more serious violation of the OP on September 24, 2022, is of no moment. Accordingly, we affirm the May 16, 2023 order, substantially for the reasons outlined in the judge's thoughtful oral and written opinions.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3199-22